■ CAPAT TAVERN, INC., et al., Respondents, v CITY OF NEW YORK, Appellant.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 13, 1990, granting plaintiffs' motion for summary judgment and severing the issue of attorney's fees, unanimously reversed, on the law, and the motion is denied, without costs.

IAS misconstrued the memorandum decision and order of Hon. Karla Moskowitz entered herein on June 30, 1988, denying the motion of defendant City for summary judgment,

as a determination that plaintiffs were entitled to that drastic relief in this contract claim to recover a tenant's relocation expenses on the condemnation of the fee. At best, Justice Moskowitz' order simply dismissed various defenses interposed by the City (e.g. failure to exhaust administrative remedies, statute of limitations, statute of frauds, lack of consideration), and held that a triable cause of action was presented by plaintiffs. The decretal part of the order simply stated "defendant's motion is denied", a determination affirmed by this court in its order entered March 16, 1989 [148 AD2d 1019]. There is nothing to suggest that Justice Moskowitz' decision searched the record (plaintiffs did not cross-move before her) and awarded final judgment to plaintiffs (cf., Fertico Belgium v Phosphate Chems. Export Assn., 100 AD2d 165, 171, appeal dismissed 62 NY2d 802). If that had been the case, there would have been no need for plaintiffs to move a second time before a different Judge, who should not even have entertained this application, but instead should have referred it to the first Justice (CPLR 2221).

To conclude as IAS did here that "[t]he agreement had been held valid" [by Judge Moskowitz] could not support the ultimate and erroneous conclusion that defendant was liable to plaintiffs as a matter of law. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.